FRANCIS PEPIN, Plaintiff, *v.* CATHERINE PEPIN, Defendant.

Supreme Court, Onondaga Special Term, November 4, 1924.

**Husband and wife — divorce — uncorroborated evidence of man who defiled plaintiff's wife insufficient to warrant finding of adultery against her — condonation established — complaint dismissed.**

Plaintiff's complaint in an action for divorce should be dismissed, though his wife failed to deny the accusation of infidelity, where the only evidence of her adultery was the uncorroborated testimony of the man who defiled her. Furthermore, plaintiff will be deemed to have condoned the defendant's actions where, although he had every reason to believe that she was having illicit relations with other men, he continued to cohabit with her.

ACTION for divorce.

*Frank H. Collins,* for the plaintiff.

No appearance for the defendant.

EDGCOMB, J.:

The court would not be justified in granting a judgment of divorce in this action for two reasons: *First,* defendant's unchastity has not been established by credible evidence; *second,* if defendant ever committed adultery plaintiff has condoned the act.

The only evidence of adultery on the part of the defendant is given by Clarence B. Gregory, who testifies that he defiled the woman one afternoon in an open lot where he was working, with children not more than a quarter of a mile away. He later told the plaintiff what had happened, and willingly gave him an affidavit as to what he claims to have done. Any man who will indulge in illicit intercourse with a married woman, and then voluntarily tell her husband and be perfectly willing to come into court and testify without a blush to his infidelity, is not only devoid of all chivalry but shows himself to be lacking in moral fibre and absolutely untrustworthy.

The courts have uniformly placed a very low estimate upon the testimony of a prostitute in divorce actions, and have refused to break the bonds of matrimony on such evidence unless it was satisfactorily corroborated. *Moller* v. *Moller,* 115 N. Y. 466;

*McCarthy* v. *McCarthy*, 143 id. 235; *Mott* v. *Mott*, 3 App. Div. 532.

If this is true of a prostitute, it is equally so of a whoremonger. Gregory was not satisfactorily corroborated, and his evidence is not sufficient to warrant a finding of adultery against the defendant, notwithstanding the fact that she has not taken the stand in her defense or denied the accusation.

But even if the unfaithfulness of the defendant had been established, the evidence shows that plaintiff condoned the offense. Plaintiff admits that he and the defendant lived together as husband and wife up to the time she left him on February 1, 1922, although he suspected and had every reason to believe that she was untrue to him. True he did not see the actual act committed, but he says that he had seen enough to arouse his suspicions, and was morally certain that his wife was having illicit relations with other men. With this knowledge and in this frame of mind he still cohabited with her. He must be held to have condoned the offense, if in fact the misdeed had actually been committed.

The complaint must be dismissed.